[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15214
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20096-PCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK BELIDOR,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2015)

Before WILLIAM PRYOR, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Mark Belidor appeals *pro se* the denial of his motion to reduce his sentence.

18 U.S.C. § 3582(c)(2). We affirm.

In 2007, a jury convicted Belidor of being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(e). During his sentencing hearing, Belidor acknowledged that he was an armed career offender based on his three prior convictions for resisting an officer with violence and one prior conviction for strong-arm robbery. *See* U.S.S.G. § 4B1.4. The government argued that an offense level of 34 should apply because Belidor possessed the firearm in furtherance of a murder, *see id.* § 4B1.4(b)(3)(A), but the district court ruled that it could not "in good conscience find the murder enhancement applie[d], or crime of violence." The district court assigned Belidor a base offense level of 33, *see id.* § 4B1.4(b)(3)(B), and using his criminal history of IV, calculated an advisory sentencing range between 188 and 235 months of imprisonment. The district court sentenced Belidor to 226 months of imprisonment.

Belidor appealed his sentence. He argued that his prior convictions did not qualify as "crimes of violence" and had not been alleged in his indictment and proved to a jury beyond a reasonable doubt. We held that Belidor was barred, under the doctrine of invited error, from challenging his classification as an armed career offender. *United States v. Belidor*, 279 Fed. App'x 924 (11th Cir. May 30, 2008).

Belidor later moved to reduce his sentence based on Amendment 433 to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). Belidor argued that his offense was classified as a "crime of violence" and that was contrary to Amendment 433, which eliminated the offense of unlawful possession of a firearm by a felon as a "crime of violence." The district court denied Belidor's motion because Belidor "misunderst[ood] the basis for his sentence" as an armed career offender. The district court also ruled that Belidor's motion was "procedurally deficient[] because Amendment 433 was enacted more than a decade before [his] sentencing."

The district court did not err. The district court lacked the authority to reduce Belidor's sentence because he had not been "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because Belidor was sentenced in 2007, Amendment 433, which was enacted in 1992, is not a "subsequent" amendment under section 3582(c). And Belidor's motion lacked merit because he was sentenced as an armed career offender based on his three prior convictions for crimes of violence, U.S.S.G. § 4B1.4(b)(3)(B), not on the basis that his offense qualified as a crime of violence, *id.* § 4B1.4(b)(3)(A). Belidor argues that his prior convictions were not alleged in his indictment and proved to a jury, but the law of the case doctrine binds us to our decision on direct appeal that Belidor invited any

3

error with respect to his classification as a career offender. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560–61 (11th Cir. 1997).

We **AFFIRM** the denial of Belidor's motion to reduce his sentence.